UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW LEWIS | § | |
| | § | |
| V. | § | |
| | § | NO. 1:18-CV-217 |
| SHERYL MORROW, COMMISSIONER, | § | |
| U.S. DEPARTMENT OF THE TREASURY | § | |
| BUREAU OF THE FISCAL SERVICE; AND | § | |
| PERFORMANT RECOVERY, INC. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

This is a suit for declaratory judgment that Plaintiff does not owe the charges that the U.S.

Department of the Treasury and their agent, Performant Recovery, Inc., is attempting to collect from

him.

1. **PARTIES.**

   a.    Plaintiff **MATTHEW LEWIS** ("**LEWIS**" or "**MR. LEWIS**") is a resident of Travis

   County, Texas.

   b.    Defendant **SHERYL MORROW** is the Commissioner of the U.S. Department Of

   The Treasury Bureau Of The Fiscal Service, which is located at Department of the

   Treasury, Bureau of the Fiscal Service, 3201 Pennsylvania Drive, Building E,

   Landover, MD 20785.  She is sued in her official capacity, and may be served

   through the U.S. Attorney for the Western District of Texas, U.S. Attorney's Office,

   816 Congress Avenue, Suite 1000, Austin, Texas 78701.

   c.    Defendant **PERFORMANT RECOVERY, INC.** is a collection agency hired by the

US Treasury Department to collect payment of the bill which is the subject of this lawsuit.  It is a California Corporation, with principal offices located at 333 N. Canyons Pkwy, Ste. 100, Livermore, CA 94551.  Its has a Texas office located at 2763 Southwest Blvd., San Angelo, TX 76904 in Tom Green County, Texas, and is subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1391(b)(2) and (c)(2). It may be served with process through its agent for service, CT Corporation System, 818 W Seventh St., Ste. 930, Los Angeles CA 90017.

2.    **VENUE AND JURISDICTION.**  Venue is proper in the Western District of Texas because the Plaintiff resides in the Western District, and the claim is against an officer or employee of the US government in their official capacity, and no real property is involved in the action. 28 U.S.C. 1391(e)(1)(C). Jurisdiction is proper because the lawsuit involves a Federal Question.

3.    **FACTS.**

a.    On March 28, 2016, Mr. **LEWIS** was severely injured in an on the job injury. The injury occurred when **LEWIS** was operating a vehicle owned by his employer, and a fire erupted in the rear of the truck. The fire caused third degree burns over substantial portions of **LEWIS**' body, including his head and upper arms.

b.    **LEWIS** was treated at various facilities, including Brooke Army Medical Center Hospital (**BAMC**), at Fort Sam Houston in San Antonio, Texas.  Mr. Lewis is neither a service member nor a veteran.

c.    On the date of the injury, **AUGERMAN** had a policy of insurance that covered on-the-job injuries, but which was not a workers compensation policy. The policy was issued by **SERVICE LLOYDS INSURANCE COMPANY** (**SERVICE**

LLOYDS).

d.    A claim was timely initiated under that policy on **LEWIS**' behalf.  Benefits were paid to **LEWIS** under the policy through May 31, 2016. On that date, the benefits to **LEWIS** were terminated and the claim denied.

e.    In the spring and summer of 2017, representatives of **SERVICE LLOYDS** and **LEWIS** reached a global settlement agreement that resolved all claims under the policy and all potential personal injury claims against his employer.

f.    The terms of the settlement agreement were that **SERVICE LLOYDS** and his employer would pay **LEWIS** and his attorney various sums, and pay the past medical expenses of **LEWIS** that arose from the injuries up to the amounts due and owing medical providers for treatments occurring on or before November 16, 2016.

g.    One of the bills to be paid was from Brooke Army Medical Center.  The bill for services rendered was $354,023.36.  However, because of delays in payment of the bill occasioned by the claim disputes outlined above, the collection of the bill was turned over to **PERFORMANT RECOVERY, INC**.  Through **PERFORMANT**, **BAMC** and the U.S. Treasury Department now claim to be owed $484,976.50.  The additional amounts are for penalties and interest occasioned by the lack of prompt payment.  Since learning of this, **SERVICE LLOYDS** and the employer have not performed the settlement agreement.

h.    All conditions precedent have been performed or occurred. All notices have been timely sent, and all administrative appeals have been exhausted.

4.    **CLAIMS, CAUSES OF ACTION AND REMEDIES**

a.    Plaintiff seeks a declaration pursuant to 28 U.S.C. Secs. 2201-2201 that he does not

owe the BAMC bill, or the penalties, or both; and that there is no authority for Defendants to seek payment of the subject bill from him, personally, and no authority for Defendants to increase the amount of the bill from $354,023.36 to $484,976.50.

b.    In the alternative, Plaintiff is entitled to equitable relief and an injunction prohibiting Defendants from seeking payment of this bill from him personally.

c.    Plaintiff requests that the Court award his reasonable and/or necessary attorneys fees.

## **P R A Y E R**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that he be awarded damages and equitable remedies as set out above, as well and pre- and post-judgment interest, attorney's fees, costs of court, and such other and further relief to which he may be justly entitled.

Respectfully submitted,

**STEPHEN G. NAGLE**
4131 Spicewood Springs Road
Suite O-3
Austin, Texas 78759
(512) 480-0505 - Telephone
(512) 480-0571 - Facsimile
sgnagle@lawyernagle.com

By:    _____
**STEPHEN G. NAGLE**, SBN 14779400
**ATTORNEY FOR PLAINTIFF**