UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MATTHEW LEWIS,<br><br>    *Plaintiff,*<br><br>v.<br><br>SHERYL MORROW, COMMISSIONER, U.S. DEPARTMENT OF THE TREASURY BUREAU OF THE FISCAL SERVICE; AND PERFORMANT RECOVERY, INC.,<br><br>    *Defendants.* | Case No. 1:18-cv-217-LY |

### DEFENDANT PERFORMANT RECOVERY, INC.'S
### MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant Performant Recovery, Inc. ("Performant"), and files this Motion to Dismiss for Lack of Subject-Matter Jurisdiction, and will show onto this Court as follows:

### INTRODUCTION

1.      Plaintiff filed suit against Sheryl Morrow, Commissioner, U.S. Department of the Treasury Bureau of the Fiscal Service; and Performant on March 12, 2018. Doc. 1. Plaintiff's lawsuit alleges that Plaintiff was severely injured at his place of employment, which required him to seek medical care from Brooke Army Medical Center Hospital ("BAMC"). Doc. 1 at 2-3. Plaintiff alleges that he reached a settlement with Service Lloyds Insurance Company ("Service Lloyds"), who issued an applicable insurance policy. *Id.* According to Plaintiff, Service Lloyds was to pay his medical bills as a part of the settlement. *Id.* However, as alleged by Plaintiff, because of a delay, the bill owed to BAMC was transferred to Performant for collections, and due to an increase in the amount of the bill, Service Lloyds failed to perform under the settlement agreement. *Id.*

2. Plaintiff has brought suit under 28 U.S.C. § 2201 for a declaratory judgment from this Court that Plaintiff does not owe the bill, that the amount of the bill should have not increased, and that Performant does not have any legal right to collect the bill. Doc. 1 at 3-4. Plaintiff claims that "[j]urisdiction is proper because the lawsuit involves a Federal Question." Doc. 1 at 2.

3. However, numerous courts, including the Fifth Circuit, have repeatedly held that 28 U.S.C. § 2201 does not provide subject-matter jurisdiction by itself. *Darren v. City of New York*, 722 F. App'x 357, 358 (5th Cir. 2018) ("We reject any suggestion that jurisdiction arose under the Declaratory Judgment Act. *See* 28 U.S.C. §§ 2201–02. That Act does not provide an independent basis for jurisdiction; it permits declaratory relief only if there is another basis for jurisdiction."); *Port Drum Co. v. Umphrey*, 852 F.2d 148, 151 (5th Cir. 1988); *Albarado v. "Trespassers Ab Initio,"*, No. B: 18-CV-123, 2018 WL 4266141, at *3 (S.D. Tex. Aug. 13, 2018), *report and recommendation adopted sub nom. Albarado v. Trespassers Ab Initio*, No. 1:18-CV-123, 2018 WL 4257903 (S.D. Tex. Sept. 6, 2018) ("Furthermore, 28 U.S.C. §§ 1651 and 2201 do not provide an independent basis for jurisdiction, but rather create remedies for cases were jurisdiction otherwise exists.").

4. Performant moves to dismiss this case subject to Federal Rule 12(b)(1). Subject-matter jurisdiction is essential for a Federal Court to hear a case. Plaintiff has not alleged any valid independent grounds for subject-matter jurisdiction. Because no subject-matter jurisdiction exists in this case, this Court must dismiss this case.

## ARGUMENTS AND AUTHORITIES

### A. Standard of Law

5. "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144,

151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g.*, *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject-matter jurisdiction is facial. *Id.* A court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (additional citation omitted) (citing *Paterson*, 644 F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

    **B.  This Court lacks subject-matter jurisdiction**

6.    Plaintiff has only brought this suit under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Doc. 1 at 3-4. This statute does not confer subject-matter jurisdiction, but rather only expands remedies available to a party in Federal Court when jurisdiction exists in some other manner. *Darren*, 722 F. App'x at 358 ("We reject any suggestion that jurisdiction arose under the Declaratory Judgment Act. *See* 28 U.S.C. §§ 2201–02. That Act does not provide an independent basis for jurisdiction; it permits declaratory relief only if there is another basis for jurisdiction."). Therefore, dismissal pursuant to Federal Rule 12(b)(1) is appropriate.

7.    The United States Supreme Court has held that 'the operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 879, 94 L. Ed. 1194 (1950) (citations omitted). The Supreme Court noted that with the Declaratory Judgment Act "Congress enlarged the range of remedies available in the federal courts but did not

extend their jurisdiction." *Id.* In holding that the tradition requirements of jurisdiction were not altered by the Declaratory Judgment Act, the Supreme Court rejected that idea the Declaratory Judgment Act alone was enough to confer subject-matter jurisdiction.

8. In line with *Skelly* Oil, the Fifth Circuit has repeatedly held that the Declaratory Judgment Act does not confer subject-matter jurisdiction itself. *Simi Inv. Co. v. Harris Cty., Tex.*, 236 F.3d 240, 247 (5th Cir. 2000) ("Further, we agree that Declaratory Judgment Act claims, without another basis for jurisdiction, cannot support the district court's jurisdiction.); *Lawson v. Callahan,* 111 F.3d 403, 405 (5th Cir.1997) ("[I]t is well settled that [the Declaratory Judgment Act] does not confer subject-matter jurisdiction on a federal court where none otherwise exists.")*.*; *Port Drum Co.*, 852 F.2d at 151 ("In *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), the Supreme Court held that the Act only enlarged the range of remedies available in the federal courts and does not extend or expand jurisdiction. As the trial court noted here, 119 F.R.D. at 27, "the Court must necessarily have an independent basis for asserting jurisdiction over the subject-matter of a case" (citing *Commercial Metals Co. v. Balfour, Guthrie & Co*., 577 F.2d 264 (5th Cir.1978))"); *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("The Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present.")

9. Plaintiff's claim that 28 U.S.C. § 2201 is a federal question sufficient to confer jurisdiction under 28 U.S.C. § 1331 incorrect. Doc. 1 at 2. The recent Report and Recommendation issued in *Tuan Thanh Pham v. Texas State Bd. of Dental Examiners*, No. A-17-CV-1008 RP, 2018 WL 3978371, at *2 (W.D. Tex. Aug. 17, 2018) explains why. In that case, the plaintiff claimed federal question jurisdiction under a variety of federal statutes. *Id.* One statute was 28 U.S.C. § 2201. The Court held:

> Next, Pham asserts that 28 U.S.C. §§ 2201 and 2202 provide jurisdiction in this suit. However, neither of these statutes are "independent ground[s] for jurisdiction." Jones v. Alexander, 609 F.2d 778, 78 (5th Cir. 1980). Rather, they "permit[ ] the award of declaratory relief only when other bases for jurisdiction are present." Id. (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ). Accordingly, these statutes are not sufficient to confer jurisdiction on this Court.

*Id.* Because the Declaratory Judgment Act did not confer independent subject-matter jurisdiction, and because Plaintiff could not point to any other valid federal question, the Magistrate Judge recommend that the case be dismissed for lack of jurisdiction.

10.     Plaintiff has only alleged one cause of action under the Declaratory Judgement Act, 28 U.S.C. § 2201. This is insufficient to establish subject-matter jurisdiction. *Patterson v. Def. POW/MIA Accounting Agency,* No. SA-17-CV-467-XR, 2017 WL 5586962, at *4 (W.D. Tex. Nov. 20, 2017) ("Further, to get relief under the Declaratory Judgment Act, Plaintiffs must bring a valid claim for an independent cause of action that provides the Court with subject-matter jurisdiction"). Because Plaintiff has not pled nor established a valid claim for an independent cause of action, this Court lacks subject-matter jurisdiction. The burden to establish subject-matter jurisdiction falls on Plaintiff, and Plaintiff has failed to establish it. Therefore, this Court must dismiss this case.

## CONCLUSION

11.     Plaintiff has not pled nor established any grounds for subject-matter jurisdiction in this case. Under the well-established rule, the Federal Declaratory Judgment Act is not sufficient to confer federal question jurisdiction or subject-matter jurisdiction by itself. Since Plaintiff has only pled a cause of action under the Federal Declaratory Judgment Act, this Court lacks jurisdiction and must dismiss this case.

WHEREFORE, PREMISES CONSIDERED, Defendant Performant Recovery, Inc., respectfully requests that this Court grant Performant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and dismiss all claims against Performant.

      Respectfully submitted,

**MALONE AND MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE AND MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT
PERFORMANT RECOVERY, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been filed and forwarded **via CM/ECF** to Plaintiff's counsel below on this 9th day of October, 2018.

STEPHEN C. NACLE
4131 Spicewood Springs Road
Suite 0-3
Austin, Texas 78759
(512) 480-0505 - Telephone
(5 12) 480-0571 - Facsimile
scnagle@lawyernagle.com

      */s/* Robbie Malone
      ROBBIE MALONE