UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MATTHEW LEWIS** § | |
| § | |
| **V.** § | |
| § | **NO. 1:18-CV-217** |
| **SHERYL MORROW, COMMISSIONER,** § | |
| **U.S. DEPARTMENT OF THE TREASURY** § | |
| **BUREAU OF THE FISCAL SERVICE; AND** § | |
| **PERFORMANT RECOVERY, INC.** § | |

**FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

This is a suit for violations of the Fair Debt Collection Act, and a declaratory judgment that Plaintiff does not owe some or all of the charges that the **U.S. DEPARTMENT OF THE TREASURY** and their agent, **PERFORMANT RECOVERY, INC.**, is attempting to collect from him.

1. **PARTIES.**

    a.  Plaintiff **MATTHEW LEWIS** ("**LEWIS**" or "**MR. LEWIS**") is a resident of Travis County, Texas.

    b.  Defendant **SHERYL MORROW** is the Commissioner of the **U.S. DEPARTMENT OF THE TREASURY** Bureau Of The Fiscal Service, which is located at Department of the Treasury, Bureau of the Fiscal Service, 3201 Pennsylvania Drive, Building E, Landover, MD 20785. She is sued in her official capacity, and has been served through the U.S. Attorney for the Western District of Texas, U.S. Attorney's Office, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, but has not yet

        Answered.

    c.       Defendant **PERFORMANT RECOVERY, INC. (PERFORMANT)** is a collection agency hired by the US Treasury Department to collect payment of the bill which is the subject of this lawsuit. It is a California Corporation, with principal offices located at 333 N. Canyons Pkwy, Ste. 100, Livermore, CA 94551. Its has a Texas office located at 2763 Southwest Blvd., San Angelo, TX 76904 in Tom Green County, Texas, and is subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1391(b)(2) and (c)(2). It has Answered.

2.    **VENUE AND JURISDICTION.** Venue is proper in the Western District of Texas because the Plaintiff resides in the Western District, and the claim is against an officer or employee of the US government in their official capacity, and no real property is involved in the action. 28 U.S.C. 1391(e)(1)(C). Jurisdiction is proper because the lawsuit involves a Federal Question.

3.    **FACTS.**

    a.       On March 28, 2016, Mr. **LEWIS** was severely injured in an on the job injury. The injury occurred when **LEWIS** was operating a vehicle owned by his employer, and a fire erupted in the rear of the truck. The fire caused third degree burns over substantial portions of **LEWIS'** body, including his head and upper arms.

    b.       **LEWIS** was treated at various facilities, including Brooke Army Medical Center Hospital (**BAMC**), at Fort Sam Houston in San Antonio, Texas. Mr. **LEWIS** is neither a service member nor a veteran.

    c.       On the date of the injury, **AUGERMAN** had a policy of insurance that covered on-the-job injuries, but which was not a workers compensation policy. The policy

        was issued by **SERVICE LLOYDS INSURANCE COMPANY** (**SERVICE LLOYDS**), and claims to be governed by ERISA.

d.      A claim was timely initiated under that policy on **LEWIS**' behalf. Benefits were paid to **LEWIS** under the policy through May 31, 2016. On that date, the benefits to **LEWIS** were terminated and the claim denied.

e.      From the time of **LEWIS**' hospitalization at **BAMC**, a number of bills were generated for the services rendered to **LEWIS**. Those bills were originally forwarded to **AUGERMAN** or to the third party administrator for the AUGERMAN employee benefit plan. On February 27, 2017, for the first time, **BAMC** Uniform Business Office (UBO) sent a bill to Mr. **LEWIS**. It was for $354,023.36. Three days later, the **U.S. DEPARTMENT OF THE TREASURY**, Bureau of the Fiscal Service, sent Mr. **LEWIS** a demand for payment of $484,976.50, for the services rendered by **BAMC**. The letter does not explain how the bill grew by over $130,000 in just three days.

f.      In the spring and summer of 2017, representatives of **SERVICE LLOYDS** and **LEWIS** reached a global settlement agreement that resolved all claims under the policy and all potential personal injury claims against his employer. This occurred in July of 2017.

g.      The terms of the settlement agreement were that **SERVICE LLOYDS** and his employer would pay **LEWIS** and his attorney various sums, and pay the past medical expenses of **LEWIS** that arose from the injuries up to the amounts due and owing medical providers for treatments occurring on or before November 16, 2016, including the bill from **BAMC**.

h. During that same time, the collection of the **BAMC** bill was turned over to **PERFORMANT**. A representative of **PERFORMANT**, Doris Ashford, called counsel for Plaintiff on what she said was a recorded line, on August 16, 2017, in an attempt to collect the debt. In that call, **PERFORMANT** claimed that **BAMC** and the U.S. Treasury Department were owed $495,752.78, as of August 16, 2017. **PERFORMANT** represented to counsel for Plaintiff that the additional $11,000 that had accrued since March were for penalties and interest.

i. There is no statutory provision, or provision in a valid contract, that authorizes the amounts claimed by PERFORMANT to be additional interest, fee, charge, or expense incidental to the principal obligation, if any, of Plaintiff to pay BAMC for the services rendered.

j. In that same call, counsel for Plaintiff explained to Ms. Ashford that Mr. **LEWIS** had a claim arising from personal injuries; that the bill **PERFORMANT** was trying to collect was for treatment of those injuries; that there was a proposed settlement of Mr. **LEWIS'** claim; and that if that settlement went through, the other party to the settlement, not Mr. **LEWIS**, would assume responsibility for negotiating or paying the debt. He also explained that the inflation of the bill from roughly $355,000 to nearly $500,000 would probably derail the settlement, and asked for someone with authority to negotiate the bill.

k. **PERFORMANT** then followed up with a letter, dated August 17, 2017, which materially misrepresented the conversation. The letter stated "This letter will confirm your recent conversation on 08-16-2017, with Doris Ashford which you or your client committed to voluntarily repay your client's delinquent debt owed to the

federal agency shown above, currently being collected by Performant Recovery, Inc. (Performant) on behalf of the U.S. Department of the Treasury, Bureau of the Fiscal Service (Fiscal Service)."

l. Counsel for Plaintiff immediately responded, correcting the representations that were made by Plaintiff, and asking for a copy of the recording of the call. No copy of the recording has been provided.

m. Since they learned of the demand by **PERFORMANT** and the **U.S. DEPARTMENT OF THE TREASURY**, Bureau of the Fiscal Service (Fiscal Service), **SERVICE LLOYDS** and **AUGERMAN** have not performed the settlement agreement.

n. All conditions precedent have been performed or occurred. All notices have been timely sent, and all administrative appeals have been exhausted.

4. **CLAIMS, CAUSES OF ACTION AND REMEDIES**

   a. Plaintiff seeks a declaration pursuant to 28 U.S.C. Secs. 2201-2201 of the proper amount of the **BAMC** bill;

      i. In the alternative, Plaintiff seeks a declaration pursuant to 28 U.S.C. Secs. 2201-2201 that he does not owe the **BAMC** bill, or the penalties, or both;

      ii. In the further alternative, Plaintiff seeks a declaration pursuant to 28 U.S.C. Secs. 2201-2201 that there is no authority for Defendants to seek payment of the **BAMC** bill from him, personally;

      iii. In the further alternative, Plaintiff seeks a declaration pursuant to 28 U.S.C. Secs. 2201-2201 that there is no authority for Defendants to add penalties and interest at the rates which they have claimed apply.

b.   Plaintiff seeks equitable relief and an injunction prohibiting Defendants from seeking payment of this bill from him, either personally, or in the amount claimed.

c.   **PERFORMANT** has violated the Fair Debt Collection Practices Act, as codified in 15 U.S.C. § 1692, in various ways, including, but not limited to, the of use an unfair or unconscionable practice to collect a debt, 15 U.S.C. § 1692f (1), for the attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the contract or law. For these violations, Plaintiff seeks the statutory penalties, and monetary compensation for the damage to the settlement agreement and to his credit reputation, and for his emotional distress.

d.   Plaintiff requests that the Court award his reasonable and/or necessary attorneys fees.

## P R A Y E R

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that he be awarded damages and equitable remedies as set out above, as well and pre- and post-judgment interest, attorney's fees, costs of court, and such other and further relief to which he may be justly entitled.

Respectfully submitted,

**STEPHEN G. NAGLE**
4131 Spicewood Springs Road, Suite O-3
Austin, Texas 78759
(512) 480-0505 - Telephone
(512) 480-0571 - Facsimile
sgnagle@lawyernagle.com


By:   _____
**STEPHEN G. NAGLE**, SBN 14779400
**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

By my signature above, I certify that, on October 23, 2018, I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).